UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| WINDY WATKINS | ) | |
| | ) | |
| v. | ) | No. 1:11-cv-118 |
| | ) | *Judge Mattice* |
| UNITED STATES OF AMERICA[1] | ) | |
| | ) | |

**MEMORANDUM**

Windy Watkins ("Petitioner") has filed a motion to proceed *in forma pauperis* (Doc. 1) and a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241 attacking her federal criminal sentence as an armed career criminal in Criminal Case No. 1:03-cr-130 (E.D. TN. 2003) (Doc. 2). Because Petitioner's motion to proceed *in forma pauperis* reflects she has the sum of $ .59 on account in her inmate account, the motion will be **GRANTED** (Doc. 1).

Petitioner challenges her federal criminal sentence contending her prior conviction for arson, which she alleges she committed as a result of her mental health issues, does not qualify as a violent felony, and therefore, she did not qualify to be sentenced as an armed career criminal under Title 18 U.S.C. § 924(e).

In federal court Petitioner pleaded guilty to being a felon in possession of a firearm. Petitioner cannot raise her claims in a § 2255 motion because the one-year limit barred her motion.[2] *See Watkins v. United States of America,* 1:11-cv-117/1:03-cr-

---

[1] Prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging the execution of their sentence must file a § 2241 petition in the district court having jurisdiction over his custodian. *United States v. Peterman,* 249 F.3d 458, 461 (6thCir. 2001). Petitioner is imprisoned in West Virginia. Here, Petitioner presumably believes the court has jurisdiction since she is proceeding under the savings clause of 28 U.S.C. § 2255(e). The undersigned, however, was not the presiding judge in Petitioner's underlying criminal case.

[2] Petitioner filed this § 2241 habeas petition on the same date she filed her § 2255 motion.

230 (Criminal Court Doc. 85 and 86) (dismissing her § 2255 motion as time-barred). In addition, on direct appeal Petitioner asserted her prior arson conviction did not qualify as a "violent felony" under the ACCA, but the Sixth Circuit concluded "Watkins's prior conviction may be counted as a 'violent felony' under the ACCA." *See United States of America v. Watkins*, Criminal Case No. 1:03-230 (Criminal Court File No. 74).

Generally, a petition for habeas corpus relief under 28 U.S.C. § 2241 is the proper method for attacking the execution of a sentence, not the validity of a judgment. *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991). To file a petition under § 2241 that attacks a conviction, a petitioner must demonstrate that the remedy of a § 2255 motion to vacate is inadequate or ineffective. *Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir. 1999). To demonstrate that § 2255 is inadequate or ineffective, Petitioner is required to show that a claim of actual innocence is presented. *See United States v. Peterman*, 249 F.3d at 461 (6th Cir.), *cert. denied*, 534 U.S. 1008 (2001). The Sixth Circuit has found the savings clause to apply only where the petitioner also demonstrates "actual innocence." *Id.* at 461-62. Petitioner's claims do not fall within any arguable construction of the savings clause of § 2255,[3] because she is not arguing

---

[3] Title 28 U.S.C. § 2255 contains a 'savings clause,' which acts as a limited exception to the general rule that a § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. That clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). Because of this clause, "a section 2241 petition that seeks to challenge a federal sentence or conviction-thereby effectively acting as a section 2255 motion-may only be entertained when the petitioner establishes that the remedy provided for under section 2255 is inadequate or ineffective." *Pack v. Yusuff,* 218 F.3d 448, 452 (5thCir. 2000).

2

that any intervening change in the law or any other circumstance establishes her actual innocence, but instead, she challenges her sentence. The petition in this case, which attacks Petitioner's federal sentence, simply does not meet the standard for proceeding under § 2241.

I. ANALYSIS

Petitioner is challenging her sentence and requesting the Court to re-sentence her on the basis that her prior conviction for arson does not qualify for the enhanced punishment as an armed career criminal under 18 U.S.C. § 924 because she was suffering from mental health issues when she committed the arson. Petitioner claims 28 U.S.C. § 2255 has proven to be both inadequate and ineffective to test the legality of her detention in this case. Presumably, Petitioner believes this court has jurisdiction to review her § 2241 petition because she is proceeding under the "savings clause" of § 2255(e).

Title 28 U.S.C. § 2255's savings clause permits a court to entertain a § 2241 habeas petition challenging the legality of a prisoner's detention when the prisoner's "remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." § 2255(e). Although a § 2241 petition is not a substitute for a § 2255 motion, pursuant to the "savings clause" in 28 U.S.C. § 2255 a federal prisoner may bring a claim under § 2241 challenging her conviction or imposition of sentence if it appears that the remedy afforded under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *see also Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Petitioner must establish that her relief under § 2255 was inadequate or ineffective. *See United States v. Hayman*, 342 U.S. 205, 223 (1952);

3

*Charles v. Chandler*, 180 F.3d at 756; *Willis v. Lamanna*, 187 F.3d 639 (6th Cir. Aug. 12, 1999) (unpublished table decision), *available in* 1999 WL 617974 *2; *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997), *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998), *Triestman v. United States*, 124 F.3d 361, 377-80 (2nd Cir. 1997).

Petitioner's remedy under § 2255 is not rendered inadequate or ineffective simply because she has already been denied relief on her § 2255 motion. *See In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997), *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir.), *cert. denied*, 488 U.S. 982 (1988). The remedy under § 2255 is not rendered inadequate or ineffective because a petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192 n.5 (4th Cir. 1997); *Garris v. Lindsay*, 794 F.2d 722, 726-27 (D.C. Cir.) (per curiam), *cert. denied*, 479 U.S. 993 (1986), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See Martin v. Perez*, 319 F.3d 799, 803 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d at; *In re Davenport*, 147 F.3d at 608. The unavailability of § 2255 relief does not by itself establish inadequacy or ineffectiveness under the savings clause. The fact that Petitioner is time-barred from seeking § 2255 relief does not establish that § 2255 relief is inadequate or ineffective.

"A federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport,* 147 F.3d at 611; *see also Truss v. Davis,* 115 Fed. Appx. 772 (6th Cir. 2004) ("Thus far, the only circumstance in which this court has found § 2255 to be an

4

ineffective or inadequate remedy is when the petition stated a facially valid claim for actual innocence.") (citing *Bannerman v. Snyder,* 325 F.3d 722, 724 (6th Cir. 2003).

Petitioner's claim that her federal sentence under the Armed Career Criminal Act ("ACCA"), should be vacated because her prior conviction for arson does not qualify as a violent felony under the act is the same claim she raised on direct appeal. Thus, not only did Petitioner have an earlier opportunity to raise this claim, she did raise the claim on direct appeal, and the Sixth Circuit rejected it. Specifically, on direct appeal the Sixth Circuit affirmed Petitioner's judgment, finding "that Watkins's prior conviction [for arson] may be counted as a 'violent felony' under the ACCA." *United States of America v. Watkins,* No. 05-6815 (unpublished) (6th Cir. Oct. 30, 2006); *See United States of American v. Watkins,* Criminal Case No. 1:03-cr-230 (E.D. TN) (Doc. 74). The law of the case doctrine mandates that issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitutes the law of the case. *United States v. Moored,* 38 F.3d 1419, 1421-22 (6th Cir. 1993).

In sum, the claim Petitioner is attempting to raise in her § 2241 petition cannot be adjudicated on the merits in a § 2241 habeas corpus proceeding because the savings clause is inapplicable. Petitioner's claim that her prior arson conviction does not qualify under the ACCA could have been raised on direct appeal, and indeed, was raised on direct appeal, and rejected on the merits by the Sixth Circuit. "Once an appellate court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Goldberg v.Maloney,* 692 F.3d 534, 538 (6th Cir. 2012). Petitioner has failed to show she is entitled to proceed under the savings clause

of § 2255.  Accordingly, the savings clause does not apply in this case and the Court lacks jurisdiction over the § 2241 petition.

## II. CONCLUSION

Because Petitioner has failed to show § 2255 was inadequate or ineffective for her claims, and because the Sixth Circuit's conclusion that her prior arson conviction does qualify as a prior violent felony for purposes of ACCA, she is entitled to no relief under § 2241.  Additionally, a § 2241 petition is normally heard in the court having jurisdiction over a § 2241 petitioner's custodian.  Petitioner is housed in Alderson Federal Prison Camp in Alderson, West Virginia. The Court lacks jurisdiction over Petitioner's custodian.  Accordingly, Petitioner's petition for a writ of habeas corpus pursuant to § 2241will be **DISMISSED** *sua sponte* and the Clerk will be **DIRECTED** to close the case.

An appropriate judgment order will enter.

                                        */s/ Harry S. Mattice, Jr.*
                                        HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE